852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Vincent O. CATANZARITE.
 No. 88-1110.
 United States Court of Appeals, Federal Circuit.
 June 6, 1988.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This is an appeal from the decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board) affirming the patent examiner's final rejection of claims 1 through 6 of appellant's application, Serial No. 638,372, as being unpatentable over prior art under 35 U.S.C. Sec. 103 (1982 and Supp. III 1985). We affirm.
 
 OPINION
 
 2
 The application relates to an electrochemical battery or cell having a casing including two electrically insulated terminals, and means for producing a voltage difference between the terminals. In the claimed invention, the voltage producing means includes a collector of carbonaceous material which does not include any binder material. The absence of binder material in the collector is viewed by the appellant as the novel feature of his claimed invention.
 
 
 3
 The Board rejected the claims as being obvious under 35 U.S.C. Sec. 103 in view of United States Patent No. 4,032,696 issued to Urry ("Urry") which also relates to an electrochemical battery. Specifically, the Board found that Urry did not require the use of binder material in the collector, and that Urry taught optional inclusion of binder material for some types of cathode collectors. In urging that Urry does not render his claimed invention obvious, the appellant argues that the results he achieved by exclusion of the binder material were unexpected, and that Urry actually "teaches away" from binder elimination. We do not agree. The appellant has not shown that the Board's findings of fact, which support its conclusion of obviousness, were clearly erroneous. Nor has the appellant shown that the Board's conclusions based on its factual findings are in error. Burlington Industries, Inc. v. Quigg, 822 F.2d 1581 (Fed.Cir.1987) (issue of obviousness is a question of law, the underlying facts of which are reviewed for clear error).
 
 
 4
 The appellant focuses particular attention on an increase in "cell capacity" achieved by elimination of the binder. However, while Urry does not specifically recite a percentage increase in cell capacity achieved using a collector formed without binder material, nor specifically recite a comparative number of additional "activation sites" for increasing the cell capacity of a battery with a binderless collector, Urry does disclose that the use of binder material reduces "the activation site areas required for the cathodic electrochemical process of the cell." More specific statements by Urry are not required in order to find that the appellant's claims have been rendered obvious. It is required only that the reference contain, either explicitly or implicitly, enough to impart to one of ordinary skill in the art a reasonable expectation that improved results will be achieved using the feature claimed by the applicant. In re Clinton, 527 F.2d 1226, 1228, 188 USPQ 365, 367 (CCPA 1976). Urry imparts this reasonable expectation to one of ordinary skill in the art by indicating that, to the extent the amount of binder is reduced, the number of activation sites for the cell is increased.
 
 
 5
 Furthermore, it is quite clear that language in Urry stating that a binder "can be" added to the cathode collector is mentioned specifically in regard to carbonaceous collectors. Quoting Urry:
 
 
 6
 To impart a cohesive characteristic to some types of cathode collectors, such as carbonaceous cathode collectors, a suitable binder material, with or without plasticizers and with or without stabilizers, can be added to the cathode collector materials. (Emphasis supplied.)
 
 
 7
 Urry further states, in its discussion of carbonaceous collectors, specific percentages of binder which should be added "if" the binder is required. The language discussing the specific advantages of limiting the amount of binder is also mentioned specifically in regard to carbonaceous collectors.
 
 
 8
 Finally, the appellant's argument that the Board impermissibly applied an "obvious to try" standard must also be rejected. In In re Goodwin, 576 F.2d 375, 198 USPQ 1 (CCPA 1978), the primary case cited by the appellant in support of his "obvious to try" argument, the court reversed the Board's finding that the claimed invention for molding glass using carbon monofluoride lubricants would have been obvious in view of the carbon monofluoride lubricants taught by one reference, and the lead-lubricated method of molding glass taught by another reference. The reference disclosing the monofluoride lubricants merely suggested that the lubricants could be used to the full extent of their stability. The court stated that, at most, the references amounted to a showing that it would have been obvious to the skilled artisan to try, that is, to experiment with the combination ultimately brought together by the inventor. Id. at 377, 198 USPQ at 3.
 
 
 9
 The present case is quite different from Goodwin. Here, unlike in Goodwin, we have a single reference which suggests the claimed invention. That single reference does not merely leave open the possibility of eliminating the binder, but as stated above, instructs one of ordinary skill as to why the amount of binder is preferably reduced. One of ordinary skill is not left to guess as to which one of many additional ingredients he should add to his combination as one of ordinary skill would have had to do in Goodwin. With Urry before him, the one of ordinary skill knows precisely what ingredient to eliminate--the binder.
 
 
 10
 Thus, we agree with the Board that Urry teaches optional use of binder material, and that this reference, taken as a whole, therefore also teaches optional exclusion of binder material from the carbonaceous collector of an electrochemical battery. Accordingly, the Board's decision is affirmed.